## McMullin *v.* Reighard, Appellant.

*Contracts—Brokers—Suit for commissions—Principal and agent —Power of agent to contract with broker—Ratification.*

In an action by a broker to recover commissions for the sale of stock, the case is for the jury and a verdict for the plaintiff will be sustained where the only defense is that the contract with the plaintiff was neither authorized by defendant nor subsequently ratified by him, and the evidence on this question is flatly contradictory.

Argued Oct. 16, 1914.   Appeal, No. 158, Oct T., 1914, by defendants, from judgment of C. P. Allegheny Co., July T., 1912, No. 1909, on verdict for plaintiff in case of M. K. McMullin v. S. S. Reighard, Charles A. Lytle and John W. Westhead, executors of the will of David P. Reighard, and George R. Webb.   Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.   Affirmed.

Assumpsit for broker's commission.

The facts appear in the following opinion of Brown, J., sur defendant's motion for a new trial and for judgment n. o. v.:

M. K. McMullin brought this action against George R. Webb and D. P. Reighard. Webb was not served. Reighard was served; filed a defense; subsequently died, and his executors were substituted; and the action against the executors proceeded to trial, resulting in a verdict for plaintiff.

Plaintiff claimed that in December, 1911, Webb and Reighard owned the capital stock and bonds of the Duquesne Light Company, of the par value of $1,085,000; that Webb acting for himself and Reighard employed him to secure a purchaser therefor, and agreed to pay him $25,000 if he secured such purchaser; that he secured as purchaser, M. B. Staring, with whom, on February 9th, 1912, the sale was closed at the price of $870,-000.

David P. Reighard (one of the defendants) in the fourth paragraph of his affidavit of defense, averred:

"4th. That he was never informed by the said plaintiff, or the said George R. Webb, that the said George R. Webb had represented himself to said plaintiff as agent for him, the said Reighard, to make said contract with said plaintiff, nor was he ever informed, either by the said plaintiff, or the said George R. Webb, that such contract was made by said Webb with said plaintiff."

This averment was flatly contradicted at the trial, plaintiff's witnesses testifying that he was informed of Webb's agreement and assented to it.

It is an unbending principle, that the assent of a principal to the act of an agent may be given after it is performed. When given after the act is performed, it is in the nature of a ratification of the act, and is intended to clothe the act with the same qualities as if there had been a prior appointment.

Whether Reighard assented to the act of Webb in em-

ploying McMullin an agreeing to pay him $25,000; whether McMullin secured the purchaser—were issues of fact for the jury, and the jury found for plaintiff— a finding amply warranted by the testimony.

Verdict for plaintiff for $28,416.67, and judgment thereon. Defendants appealed.

*Errors assigned,* among others, were in dismissing motions for a new trial and judgment n. o. v.

*William A. Griffith,* of *Griffith and Mitchell,* for appellants.

*Samuel McClay,* with him, *W. A. Seifert* and *Reed, Smith, Shaw & Beal,* for appellee.

PER CURIAM, October 26, 1914:

Whether the appellee was entitled to recover was, under all the evidence, a pure question of fact for the jury and we find nothing in the assignments of error calling for the submission of that question to another jury.

Judgment affirmed.